**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CURTIS LEE WATSON,

        *Petitioner*,

   v.

UNITED STATES PAROLE
COMMISSION,

        *Respondent.*

Civil Action No. 17-1734 (RDM)

**MEMORANDUM OPINION**

On September 8, 2017, Petitioner Curtis Lee Watson was paroled from a term of life imprisonment imposed under the D.C. Code and began serving a one-year federal sentence. Dkt. 4 at 1; Dkt. 6 at 1–2. Although Watson's federal sentence expires on September 7, 2018, Dkt. 10 at 1–2, he seeks his "immediate release" from custody, Dkt. 1 at 1, 3. His various filings in this matter—captioned "Official Complaint," "Motion" for "Unsecured Bond or Bail," and "Emergency Petition Seeking the Right to be Released"—touch upon numerous episodes since his D.C. conviction forty years ago, but, at base, they all allege that the United States Parole Commission failed "to follow its own protocol" or otherwise acted unlawfully when determining the date on which he would be paroled and begin serving his federal sentence. Dkt. 1 at 1, 3; Dkt. 6 at 2. But for the Parole Commission's errors, Watson contends, he would have been paroled on his D.C. Code conviction earlier and would have already served the entirety of his federal sentence. Dkt. 1 at 2; Dkt. 11 at 3–5. Because Watson seeks his immediate release, he has made the type of "core challenge[]" to "present physical confinement" that is subject to the "immediate custodian rule." *Day v. Trump*, 860 F.3d 686, 690 (D.C. Cir. 2017). That "default

rule" reflects the "longstanding practice . . . that the proper respondent" in an action challenging present physical confinement "is the warden of the facility where the prisoner is being held." *Id.* at 689–90; *see also Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (holding that the Parole Commission is not the immediate custodian of a prisoner in a federal facility for purposes of habeas corpus challenges to Commission decisions). This Court, moreover, "may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Day*, 860 F.3d at 689 (quoting *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004)). Here, Watson is currently confined in Hazelton, West Virginia, Dkt. 1-1 at 1, which means that the proper respondent in this case is the warden of that facility and that the proper forum is the U.S. District Court for the Northern District of West Virginia.

"Under 28 U.S.C. § 1631, 'when a court concludes that it lacks jurisdiction, it has the authority to dismiss the action or [to] transfer it in the interest of justice.'" *Evans v. U.S. Marshals Serv.*, 177 F. Supp. 3d 177, 182 (D.D.C. 2016) (quoting *Smith v. U.S. Bureau of Prisons*, 971 F. Supp. 2d 99, 102 (D.D.C. 2013)). The Parole Commission argues that dismissal is appropriate in this case because the decision to grant Watson parole mooted his claims. Dkt. 10 at 1, 4. Watson's petition, however, at least appears to sweep more broadly than the Parole Commission's position presumes. In particular, he alleges that the Parole Commission's unlawful actions resulted in his *present* confinement by delaying when his incarceration began to count toward his federal sentence. For present purposes, the Court need not—and will not— decide whether Watson's claims are moot but, rather, merely "finds it in the interest of justice to . . . transfer this action to the proper court" so as to "avoid the inefficiency of dismissing this

action and requiring Petitioner to refile it."[1]  *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 27 (D.D.C. 2011).

The Court will, accordingly, **TRANSFER** Watson's petition to the Northern District of West Virginia.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 10, 2018

---

[1]  The Court also notes that Watson has—since his initial application for leave to file without prepayment of the filing fee—provided evidence that he may be ineligible to proceed *in forma pauperis*.  *See* Dkt. 11 at 34 (Order of the D.C. Circuit directing Watson to pay the full appellate filing fee because he had, "while incarcerated, filed at least three civil actions that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim").  The Court will leave it to the transferee court to decide whether to reconsider this Court's previous order granting Watson leave to proceed *in forma pauperis*.  *See* 28 U.S.C. §1914(a); 28 U.S.C. § 1915(g).

3